Michael E. Quiat, Esq.
Atty ID No. 015911985
USCHER, QUIAT, USCHER and RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax    201-342-1810

Jonathan M. Feigenbaum, Esq.
184 High Street, Suite 503
Boston, MA 02110
Phone  617-357-9700
Fax    617-227-2843

*Attorneys for Plaintiff, David S. Rajpurohit*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| DAVID S. RAJPUROHIT, | Civil Action No. _____ |
| Plaintiff, | |
| v. | ECF Case |
| BECTON, DICKINSON AND COMPANY; THE BECTON, DICKINSON AND COMPANY SAVINGS INCENTIVE PLAN, n/k/a the BD 401(k) PLAN; PLAN ADMINISTRATIVE COMMITTEE FOR THE BD 401(k) PLAN; KRISTI PAYNE AGENT FOR THE PLAN ADMINISTRATIVE COMMITTEE; INDIVIDUAL LAST NAME UNKNOWN, AS ADMINISTRATOR OF THE BD 401(k) PLAN; and JOHN AND JANE DOES 1 through 20, | COMPLAINT |
| Defendants, | |

_____

Plaintiff David S. Rajpurohit by way of Complaint against the Defendants Becton, Dickinson and Company; The Becton, Dickinson and Company Savings Incentive Plan n/k/a the

BD 401(k) Plan; Plan Administrative Committee for the BD 401(k) Plan; Kristi Payne Agent For The Plan Administrative Committee; Individual Last Name Unknown, as Administrator of the said Plan; and John and Jane Does 1 through 20 (hereinafter collectively referred to as "Defendants"), alleges as follows:

## PARTIES

1. Plaintiff David S. Rajpurohit ("Mr. Rajpurohit") is a resident of the State of New Jersey, County of Bergen with a principal residence in Ridgewood, New Jersey.

2. Defendant Becton, Dickinson and Company ("BDC") is a New Jersey Corporation having a usual place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

3. Defendant Becton, Dickinson and Company Savings Incentive Plan n/k/a the BD 401(k) Plan (hereinafter referred to as "the BD Plan") is a defined contribution plan with a usual place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

4. Defendant Kristi Payne Agent For The Plan Administrative Committee has a usual place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

5. Defendant (Individual Last Name Unknown) is identified on Form 5500 with the Secretary of Labor as the Administrator for the Plan with a usual place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

6. Defendants John and Jane Doe 1 through 20 are individuals who sit on or have in the past sat on the BD Plan Administrative Committee which is charged with responsibility for administering the said BD Plan.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of

ERISA.

8. This Court has personal jurisdiction over all defendants because each defendant transacts business, or reside in, or has significant contacts with this judicial district, and because ERISA provides for nationwide service of process.

9. Venue lies in this district pursuant as all defendants have a place of business in this Judicial District and may be sued in this judicial district under 28 U.S.C. §1391 and 29 USC §1132(e)(1) and (f)

## STATEMENT OF ESSENTIAL FACTS

10. Plaintiff is a resident of the State of New Jersey and a former employee of the Defendant Becton, Dickinson and Company. Plaintiff is older than 65 years of age.

11. BDC employed Plaintiff from 1976 through 1984.

12. During the course of Plaintiff's employment with BD, BD contributed to and Plaintiff contributed to shares of BD stock to his individual account in the BD Plan and BD contributed shares of BD stock to Plaintiff's individual account in the BD Plan.

13. While employed at BDC, Plaintiff became fully vested in the BD Plan.

14. At no time during his employment at BD, or after his employment at BD, did Plaintiff surrender rights under the BD Plan or take anything of value in exchange from his individual account in the BD Plan.

15. Plaintiff believes that the value of his shares of BD stock that is unaccounted-for by the defendants exceed four million dollars.

## THE UNACCOUNTED-FOR SHARES OF STOCK IN PLAINTIFF'S INDIVIDUAL ACCOUNT

16. BDC is the statutory sponsor of the BD Plan under the ERISA statute.

17. A statutory ERISA plan sponsor is a statutory ERISA administrator.

18. On or about December 31, 2020, Plaintiff sought distribution of his vested and accrued benefits in the BD Plan.

19. In response, BD, the BD Plan, the Administrative Committee of the BD Plan and others, advised Plaintiff that it had no record of his individual BD Plan account and advised Plaintiff to file a formal claim for benefits.

20. On May 21, 2021, Plaintiff filed a written request for BD Plan account benefits.

21. On November 26, 2021, BD, the BD Plan, the Administrative Committee of the BD Plan and others, advised Plaintiff that no records existed of Plaintiff's participation in the BD Plan.

22. On or about January 21, 2022, Plaintiff filed an administrative appeal of the denial of his claim for benefits under the applicable governing BD Plan instruments.

23. On or about May 18, 2022, the BD Plan, through Defendant Administrative Committee for the BD Plan, BDC and others denied Plaintiff's claim for benefits, wrongfully contending Plaintiff must have already taken his distribution from the BD Plan.

24. The BD Plan, through Defendant Administrative Committee for the BD Plan, BDC and others provided no written proof that Plaintiff had taken a distribution of BD Plan benefits

25. Plaintiff has never taken a distribution from his vested account in the BD Plan at any time up to the current date.

26. Plaintiff has taken all actions required to administratively exhaust his obligations before filing this action.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Declaratory and Equitable Relief**
**(ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))**

27. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 26 above, as if fully set forth again herein.

28. Defendants are fiduciaries within the meaning of 29 U.S.C.§ 1002(21)(A) as the Plan sponsor, statutory administrator, named fiduciary, and have exercised authority or control over management and disposition of assets of the BD Plan.

29. The Defendants owe fiduciary duties to Plaintiff under the BD Plan.

30. One of the many fiduciary duties owed under ERISA to Plan participants and beneficiaries is a duty to "convey complete and correct material information to a beneficiary" including "a duty to communicate to the beneficiary material facts affecting the interests of the beneficiary which he knows that the beneficiary does not know and the beneficiary needs to know." *Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F. 2d 1292 (3d Cir. 1993).

31. A fiduciary breaches its duties by materially misleading Plan participants, regardless of whether the fiduciary statements were made negligently or intentionally. *Varity Corp. v. Howe*, 516 US 489, 512 (1996).

32. Each fiduciary under ERISA has a duty under § 404(a)(1), 29 U.S.C. § 1104(a)(1) to refrain from acting in an arbitrary and capricious manner, from conducting the affairs of the Plan for any reason other than for the exclusive benefit of the participants and beneficiaries, including Plaintiff.

33. A plan administrator or other fiduciary administering an ERISA-regulated employee benefit plan should, at a minimum, comply with the terms of the statute, its implementing regulations and all applicable formal and informal guidance issued by the U.S. Departments of Labor and Treasury, as well as the Pension Benefit Guaranty Corporation.

34. ERISA requires every employer, and ERISA plan to maintain records necessary to determine benefits due or that may become due to each employee, participant or beneficiary for as long as the possibility exists that they might be relevant to a determination of the benefit entitlements of a participant or beneficiary or employee. 29 U.S.C. § 1059(a)(1).

35. ERISA plan fiduciaries bear the burden to prove that benefits have been paid or waived by written instrument complying with the ERISA statute, the ERISA plan terms and all regulatory requirements of the Secretary of Labor and Secretary of the Treasury.

36. Without a written waiver Plaintiff could not relinquish rights under the BD Plan.

37. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) authorizes the participant or beneficiary to bring a civil action to: "(A) Enjoin any act or practice which violates any provision of this title or the terms of the Plan; or (B) to obtain other appropriate relief (i) to address such violations or (ii) to enforce any provision of this title or the terms of the Plan."

38. Defendants BD, the BD Plan, the Administrative Committee of the BD Plan and others, are liable to Plaintiff for the reasonable value of Plaintiff's vested interests in the BP Plan, and all other amounts recoverable by way of equitable remedy under ERISA including surcharge, reformation, or other recognized equitable remedies necessary to make Plaintiff whole.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Recovery of Benefits from the Plan**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(B))**

39. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 38 above, as if fully set forth again herein.

40. ERISA provides that a Plan participant may bring an action to recover benefits due him under the terms of that Plan, to enforce or clarify rights under such Plan, or to obtain other appropriate equitable relief to address such violations, or to enforce any provisions of ERISA or the terms of the Plan.

41. The Defendants BD, the BD Plan, the Administrative Committee of the BD Plan and others, have continued to deny accrued vested benefits due to Plaintiff, by implementing, administering and interpreting the terms thereof in a contradictory and inconsistent manner, and by refusing to credit him for the value of his vested interest in the BD Plan.

42. As a result, the Defendants BD, the BD Plan, the Administrative Committee of the BD Plan and others, have improperly denied Plaintiff his right to benefits under the BD Plan, and owe him significant sums dating back to his date of retirement.

43. As a result of the Defendants BD, the BD Plan, the Administrative Committee of the BD Plan and other acts and omissions as set forth above, Plaintiff has a right to relief against the Defendants to recover benefits due to him under the BD Plan and to enforce his right to benefits under the BD Plan, to clarify his right to future benefits under the BD Plan, and under ERISA.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Award of Attorney's Fees and Costs)**

44. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 43 above, as if fully set forth again herein.

45. By their acts and omissions, these Defendants have caused Plaintiff to incur attorneys' fees and costs and will cause him to incur additional attorneys' fees and costs. Plaintiff has a right to recover such fees and costs under 29 U.S.C.§ 1132(g), including all costs, reasonable attorneys' fees, and interest at the maximum rate provided by law.

**WHEREFORE**, Plaintiff demands relief and judgment, jointly and severally against the Defendants as follows:

(a) In an amount of damages, or if damages are not available, then equitable monetary relief to be determined by this Court, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise, or shares of BDC;

(b) Injunctive relief declaring the rights and duties of the Plaintiff and Defendants with respect to benefits due to the Plaintiff under the BD Plan;

(c) Other equitable relief, including, payment of benefits wrongfully withheld; reformation; surcharge; accounting for all prior benefits and payments; disgorgement; an equitable lien; a constructive trust; an injunction against further violations; and/or other equitable remedies available to make the Plaintiff whole;

(d) Attorneys' fees, costs and interest as permitted under 29 U.S.C.§ 1132(g)(1); and

(e) Granting such other and further relief as this Court may deem just and proper.

        USCHER, QUIAT, USCHER and RUSSO
        A Professional Corporation
        433 Hackensack Avenue, 2nd Floor
        Hackensack, NJ 07601
        Phone  201-342-7100
        Fax     201-342-1810

Dated: December 30, 2022    By:    /s/Michael E. Quiat
        MICHAEL E. QUIAT
        Atty ID No. 015911985
        *Attorney for Plaintiff, David S. Rajpurohit*

Dated: December 30, 2022    By:    /s/Jonathan M. Feigenbaum
        JONATHAN M. FEIGENBAUM, ESQ.
        184 High Street, Suite 503
        Boston, MA 02110
        Phone  617-357-9700
        Fax     617-227-2843
        *Attorney for Plaintiff, David S. Rajpurohit*