UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID S. RAJPUROHIT,

          *Plaintiff,*

    v.

BECTON, DICKINSON, AND COMPANY,
et al.,

          *Defendants.*

Civil Action No. 22-cv-7612 (MEF)(CLW)


OPINION and ORDER


## Table of Contents

I.    Background
    A.  Allegations
    B.  Procedural History
    C.  The Court's Approach
II.   Count One: Time Bar
    A.  "Actual Knowledge"
    B.  "The Last Action"
III.  Count One: The Merits
    A.  Failure to State a Claim
    B.  The Agent
    C.  The Plan
    D.  The Committee
    E.  The Employer
IV.   Count Two: The Merits
    A.  Failure to State a Claim
    B.  Defendants
        1.  The Agent

### 2. The Plan

### 3. The Employer

## V.   Count Three: Attorneys' Fees


\*       \*       \*


A former employee requested a pay-out from a 401(k) account maintained by his ex-employer, but was not paid.

The former employee then sued, claiming his account had been lost because of poor record-keeping.

The various defendants moved to dismiss, arguing mainly that the lawsuit comes too late.

The timeliness argument is rejected and the motion is largely denied, though it is granted as to certain defendants.

\*       \*       \*


## I.   Background

### A.   Allegations

An employee worked for a company from 1976 to 1984.   See Complaint ¶ 12.[1]

He had an account in the company's retirement plan ("the Plan"). See id. at ¶ 15.   The account was a 401(k) retirement account, which held stock.   See id. at ¶¶ 3, 27, 30.

The Plan allowed account-holders to leave their stock in the Plan when they left the company.   See Complaint ¶ 29.

When the employee left the company in 1984, he left his stock in the Plan.   See id. at ¶ 30.

The employee did not hear anything about his account between 1984 and 2020.   See id. at ¶ 33.

In December of 2020, he contacted the entities that controlled the Plan.   See id. at ¶¶ 34-35.   They informally said there was no record of his account.   See id. at ¶ 35.

---

[1]   "The Complaint" refers to the current operative complaint.

2

The employee then filed a formal request and got the same answer: there were no records of his stock holdings or his 401(k) account.  See id. at ¶¶ 36-37.

Around this time, the employee was provided a screenshot, which purported to show that the employee had already been paid out on his account.  See id. at ¶¶ 49-53, 71.

The employee pressed an administrative appeal, see id. at ¶¶ 38-39, lost, see id., and then filed this lawsuit.

### B.   Procedural History

The employee[2] filed this lawsuit in 2022, in three counts.

Each count alleges a violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA").  The first count alleges a violation of 29 U.S.C. § 1132(a)(3).[3]  The second count alleges a violation of 29 U.S.C. § 1132(a)(1)(B).[4]  And the third count requests attorneys' fees under 29 U.S.C. § 1132(g).[5]

The various named defendants ("the Defendants"[6]) have now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[2]  From here, the employee, David S. Rajpurohit, is referred to as "the Plaintiff."

[3]  "[A] civil action may be brought . . . to enforce any provisions of this subchapter [of ERISA]," 29 U.S.C. § 1132(a)(3), including those that relate to fiduciary obligations.  See Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 172 (3d Cir. 1997).

[4]  "[A] civil action may be brought . . . to recover benefits due to [a beneficiary] under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B).

[5]  "In any action under [Section 1132 of ERISA] . . . the court . . . may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g).

[6]  There are four named defendants.  The first defendant, Becton, Dickinson and Company, see Complaint ¶ 2, is referred to from here as "the Employer."  The second defendant, Becton, Dickinson and Company's 401(k) plan, see id. at ¶ 3, is referred to as "the Plan."  The third defendant, the Plan Administrative Committee for the Plan, see id. at Introduction, is referred to as "the Committee."  The fourth defendant, Kristi Payne, an alleged agent of the Committee, see id. at ¶ 4, is referred to

3

That motion is before the Court.

### C.    The Court's Approach

The motion to dismiss presses four arguments.

First, the Defendants move to dismiss Count One because this case, initiated in 2022, was filed too late.  See Motion to Dismiss at 13-24.  The Court analyzes this argument in Part II, and concludes it is not persuasive.

Second, the Defendants move to dismiss Count One on the merits. The motion is denied, see Part III.A, except as to certain Defendants.  See Parts III.B to III.E.

Third, the Defendants move to dismiss Count Two on the merits. The motion is denied, see Part IV.A, except as to certain Defendants.  See Part IV.B.

Fourth, the Defendants move to dismiss Count Three.  The motion is denied, because it is not ripe.  See Part V.

## II.  Count One: Time Bar

The Defendants argue that Count One of the Complaint is time-barred and should therefore be dismissed.  See Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) ("Motion to Dismiss") at 13-23.

Count One presses an ERISA breach of fiduciary duty claim.  See Complaint ¶¶ 59-74.  Section 1113 of ERISA sets the limitations period for such claims.  See Kapp v. Trucking Emps. of N. Jersey Welfare Fund, Inc. -- Pension Fund, 426 F. App'x 126, 130 (3d Cir. 2011).  Section 1113 reads in relevant part:

> No action may be commenced under this subchapter [of ERISA] with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of . . .

---

as "the Agent."  Collectively, these four defendants are referred to as "the Defendants."  There are also two unnamed defendants.  See id. at ¶¶ 5-6.  They have not been named or served.  They are not considered here.

> (1) six years after . . . the date of the last action which constituted a part of the breach or violation . . . or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113.

The Defendants press an argument under each of these prongs. See Motion to Dismiss at 13-24.   These arguments are analyzed below.

### A.   "Actual Knowledge"

Start with 29 U.S.C. § 1113(2).

That part of the ERISA statute establishes a three-year limitations period that begins from when a plaintiff has "actual knowledge" of the alleged breach in question.  See 29 U.S.C. § 1113(2).   The words mean what they say: a "plaintiff must in fact have become aware" of the breach, Intel Corp. Inv. Pol'y Comm. v. Sulyma, 140 S. Ct. 768, 777 (2020), and it is from that point that the three-year clock starts to run.

The Defendants argue the Plaintiff had "actual knowledge" of the alleged breach by 2011.  See Motion to Dismiss at 13. Therefore, the argument goes, the Plaintiff's lawsuit, filed in 2022, comes too late.  See id.

The basis for this: a letter the Plaintiff sent the Defendant in 2021, requesting a pay-out of his 401(k).  See Motion to Dismiss, Declaration of Kristen E. Strobel ("Strobel Decl."), Ex. B ("Letter").  Based on this letter, the Defendants argue the Plaintiff "knew of recordkeeping errors (prior to 2011)," but did nothing.  Motion to Dismiss at 13.[7]

In the 2021 letter, the Plaintiff set out "probable reasons" the Defendants may have been having trouble locating his 401(k), by referring to his experiences from a decade earlier with a

---

[7]  The Plaintiff did not attach the letter to the Complaint. Rather, the Defendants filed it with their motion to dismiss. The Court assumes for present purposes that the letter may be considered here.

5

separate account, a company pension the Plaintiff apparently "started" receiving in 2011. See Letter at 3. Per the 2021 letter: there were "significant factual errors during the . . . transition to [a different administrator] about my account, including my age and the start and end dates of my employment with [the Employer], in the statements sent to me at the start of my pension [in 2011]." Id.

But the Defendants' argument is not persuasive. It rests on an apples-to-oranges comparison. Knowing that one account (a pension) was beset by record-keeping issues says nothing about whether the Plaintiff "actual[ly] kn[e]w," 29 U.S.C. § 1113(2), that another account (a 401(k)) had record-keeping issues. And the fact that a pension account seems to be working well enough (with payments received starting in 2011) does not suggest that a 401(k) has gone entirely missing.

## B.   "The Last Action"

Now take 29 U.S.C. § 1113(1).

That part of ERISA establishes that a six-year clock runs from the "last action" that was part of the alleged breach. See 29 U.S.C. § 1113(1).

The Defendants argue the "last action" was decades ago, in 1984, when the Plaintiff left the company. See Motion to Dismiss at 13.

But this, too, is not persuasive.

Count One presses a claim under 29 U.S.C. § 1132(a)(3) of ERISA. That section "authorizes the award of . . . relief . . . to redress any act or practice which violates" certain fiduciary obligations. Bixler v. Cent. Pa. Teamsters Health & Welfare Fund, 12 F.3d 1292, 1299 (3d Cir. 1993) (quoting Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 153 (1985) (Brennan, J., concurring)) (cleaned up) (emphasis in original).

One such obligation is the duty "to convey complete and accurate information." Id. at 1302; In re Unisys Corp. Retiree Med. Ben. ERISA Litig., 57 F.3d 1255, 1265 n.15 (3d Cir. 1995); see also, e.g., Daniels v. Thomas & Betts Corp., 263 F.3d 66, 74 (3d Cir. 2001) (breach of fiduciary duty may be based on material misrepresentations); Fischer v. Philadelphia Elec. Co., 994 F.2d 130, 135 (3d Cir. 1993) (plan administrator may not make

misrepresentations to participants; "[p]ut simply, when a plan
administrator speaks, it must speak truthfully"); Weaver Bros.
Ins. Assocs. v. Braunstein, 2014 WL 2599929, at *10 (E.D. Pa.
June 10, 2014) (breach of fiduciary duty to misinform
beneficiary about their benefits); Horan v. Reliance Standard
Life Ins. Co., 2014 WL 346615, at *13 (D.N.J. Jan. 30, 2014)
(breach of fiduciary duty to communicate misleading information
to beneficiary).

Here, the Defendants in 2021 allegedly provided the Plaintiff
with a screenshot of a spreadsheet said to date from 2007. See
Complaint ¶¶ 50-51. The spreadsheet suggested the Plaintiff's
401(k) had long-ago been paid out. See id. at ¶ 71. And the
purported 2007 date associated with the spreadsheet lent it a
stronger sense of being reliable --- because it came before the
Plaintiff's more recent request for a pay-out.

But the Plaintiff alleges the spreadsheet was missing
"significant information," such as "the name of the [Employer],
Plaintiff's account number, the [Employer's] logo, title of
document, and name of administrator." Id. at ¶ 51.
Additionally, the Plaintiff alleges, the screenshot: was
actually prepared in 2021, rather than 2007, see id. at ¶ 50;
had "significant image discrepancies," such as inconsistent font
intensities, see id. at ¶¶ 51-52; lacked headings, see id. at ¶
53; and was a "completely blank table which was represented to
the Plaintiff as his account statement" in the Plan. Id.
Overall, the Plaintiff alleges, the screenshot was a "false
document[]." Id. at ¶ 71.

Taken as true, as they must be for now, see, e.g., Doe v.
Princeton Univ., 30 F.4th 335, 340 (3d Cir. 2022), these
allegations suggest a broad and long-standing record-keeping
breach --- that switched from passive (the Plaintiff's 401(k)
account was lost) to active (when the Plaintiff was provided a
"false" document about his 401(k), to obscure that it had been
lost). The "last act[]," 29 U.S.C. § 1113(1), happened when the
allegedly "false" document was provided to the Plaintiff. And
that was in 2021.

*        *        *

In sum, to argue the Plaintiff's claim is time-barred, the
Defendants press two arguments. First, they contend the
Plaintiff had "actual knowledge" in 2011 of the alleged breach.

7

But this is based on an over-reading of a particular letter.
<u>See</u> Part II.A.   Second, the Defendants argue "the last act[]"
that was part of a breach that took place decades ago.   But this
ignores the allegedly false document provided to the Plaintiff
in 2021.   <u>See</u> Part II.B.

Bottom line: the Defendants have not shown Count One is time-
barred.

## III.  Count One: The Merits

In addition to their timeliness arguments, the Defendants move
to dismiss Count One on the merits.   This is taken up in Part
III.A.   And the Defendants also argue for dismissal of certain
particular Defendants as to Count One.   That is taken up in
Parts III.B to III.E.

### A.    Failure to State a Claim

Count One is brought under 29 U.S.C. § 1132(a)(3), which, as
noted, authorizes a plaintiff to sue for a breach of fiduciary
duty.   <u>See</u> <u>Burstein</u> v. <u>Ret. Acct. Plan For Emps. of Allegheny</u>
<u>Health Educ. & Rsch. Found.</u>, 334 F.3d 365, 384 (3d Cir. 2003),
<u>as amended</u> (Aug. 1, 2003).

The Defendants argue that Count One fails to state a claim,
because there are insufficient allegations that they violated
any fiduciary duty owed to the Plaintiff.   <u>See</u> Motion to Dismiss
at 29-32.

The Plaintiff, as noted, allegedly worked for one of the
Defendants and had a 401(k) account in the Plan.   <u>See</u> Part I.A.
When he left the company, he left his "100% vested" account in
the Plan, to be collected later.   <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> Complaint ¶¶
28-30.   The Plaintiff alleges he never heard anything from the
Defendants and that they then failed to pay out his 401(k) upon
request.   <u>See</u> <u>id.</u>   Additionally, the Plaintiff alleges, the
Defendants have said they have no record of his account.   <u>See</u>
Complaint ¶ 35.

Maintaining proper records is a fiduciary duty under ERISA.
<u>See</u>, <u>e.g.</u>, <u>Massachusetts Mut. Life Ins. Co.</u>, 473 U.S. at 142;
<u>Ehlen Floor Covering, Inc.</u> v. <u>Lamb</u>, 660 F.3d 1283, 1287 (11th
Cir. 2011); <u>In re WorldCom, Inc.</u>, 263 F. Supp. 2d 745, 757
(S.D.N.Y. 2003).

And taking his allegations as true, the Plaintiff had a not-yet-paid-out 401(k), which the Defendants had no record of --- and which, because of that poor record-keeping, was lost.  That plausibly alleges a breach of fiduciary duty under ERISA.  See generally Sec'y of Lab. v. Doyle, 675 F.3d 187, 202 (3d Cir. 2012) ("ERISA incorporates fiduciary standards of trust law," and "a trustee has a duty to maintain financial records"); Shaver v. Operating Engineers Loc. 428 Pension Tr. Fund, 332 F.3d 1198, 1203 (9th Cir. 2003) (failure to keep important plan records breaches an ERISA-imposed fiduciary duty); Restatement (Third) of Trusts § 83 (2007) (trustee must maintain an adequate set of books and records).

The Defendants' main counterargument: there was no duty to "maintain records indefinitely for an inactive account."  Motion to Dismiss at 32-35.  But the Plaintiff's allegation is that his account was active, in that he was due a pay-out from it.  See Complaint ¶¶ 28-41.   And at this stage, the Plaintiff's allegations must be taken as true.  See Princeton Univ., 30 F.4th at 340.[8]

### B.    The Agent

Next, the Defendants argue the Agent[9] should be dismissed, because "the need to name [her] . . . is neither explained, nor warranted."  Motion to Dismiss at 25.

A plaintiff "must set forth facts that establish each individual defendant's liability for the misconduct alleged."  Kalief v. Camden Cnty. Police Dep't, 2022 WL 1810137, at *6 (D.N.J. June 2, 2022); see also Joyce v. Radisson Hotel Philadelphia Ne., 2011 WL 570025, at *1 (E.D. Pa. Feb. 14, 2011) (applying this principle to a § 1132(a)(3) ERISA claim).

Here, the Complaint says next to nothing about the Agent.

The Complaint alleges the Agent is an agent of the Committee,[10] charged with running the Plan.  See Complaint ¶ 4.  But beyond

---

[8]   The Defendants also argue that the Plaintiff has not pled sufficient facts to claim breach of the fiduciary duty of loyalty.  See Motion to Dismiss at 27-29.  But the Complaint does not press such a claim, and the Plaintiff does not argue the issue in its opposition brief.

[9]   See footnote 6.

[10]   The Committee is also a Defendant.  See id.

that, there are no mentions of the Agent in Count One or anywhere else in the Complaint.

To be sure, the Complaint twice mentions a representative or agent of the Committee.  But it does not specify whether these are references to the Agent.  See id. at ¶¶ 34, 50.  And outside of that, the only allegations that are potentially relevant to the Agent are those that refer to the "Defendants" generally. But this language is often used in the Complaint to refer to the other three Defendants.  See, e.g., id. at ¶¶ 74, 77-79.

In short: there are virtually no allegations as to the Agent.

This means the Plaintiff has not adequately pled that the Agent breached a fiduciary duty.  To plead a breach, a plaintiff must show that "(1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan."  Sweda v. Univ. of Pennsylvania, 923 F.3d 320, 328 (3d Cir. 2019) (cleaned up).

But because there are no allegations as to the Agent's acts or omissions, the Plaintiff cannot meet the second "breaches" element.  See, e.g., Lopez-Siguenza v. Roddy, 2014 WL 4854452, at *6 (D.N.J. Sept. 30, 2014) (no breach where a plaintiff failed to plead misconduct); Askew v. R.L. Reppert, Inc., 902 F. Supp. 2d 676, 686 (E.D. Pa. 2012) ("In order to establish a claim for breach of a fiduciary duty, the plaintiff must aver some acts or omissions by an ERISA fiduciary in violation of the fiduciary's duties.").  And without a breach, the Agent could not have plausibly "caus[ed] a loss," either.  See, e.g., Lopez-Siguenza, 2014 WL 4854452, at *6.[11]

### C.    The Plan

The Plaintiff also named the Plan as a Defendant.  See Complaint ¶ 3.

But for ERISA claims of the sort pressed in Count One,[12] a plaintiff may not sue the retirement plan itself.  See, e.g.,

---

[11]  The Plaintiff's brief does not plug the gaps.  The Plaintiff does not argue, for example, that there are sufficient allegations as to the Agent's place in the relevant organizational hierarchy, of the sort that could potentially allow an inference that she was involved in relevant acts.

[12]  Count One claims a breach of fiduciary duty actionable under 29 U.S.C. § 1132(a)(3).

<u>Alderfer</u> v. <u>Clemens Markets, Inc.</u>, 2010 WL 5258070, at *4 (E.D. Pa. Dec. 23, 2010) (explaining that retirement plans are not "persons" under the statute, and thus cannot be sued for fiduciary breaches); <u>Ranke</u> v. <u>Sanofi-Synthelabo, Inc.</u>, 2004 WL 2473282, at *2 (E.D. Pa. Nov. 3, 2004), <u>aff'd</u>, 436 F.3d 197 (3d Cir. 2006).

### D.   The Committee

The Plaintiff also sued the Committee that administers the Plan.

The Defendants argue that the allegations in Count One fail to establish that the Committee was a plan fiduciary. <u>See</u> Motion to Dismiss at 24-25. That means, the argument goes, the Committee cannot be sued under 29 U.S.C. § 1132(a)(3). <u>See</u> <u>id.</u> at 24-26.

But Count One alleges the Committee is charged with administering the Plan, <u>see</u> Complaint ¶ 6, and that the Plaintiff interacted with the Committee as part of his efforts to get a pay-out from his 401(k). <u>See</u>, <u>e.g.</u>, <u>id.</u> at ¶¶ 35, 37. Moreover, per the summary plan description for the Plan, the Committee had "full power, authority, and discretion to interpret and construe provisions of the Plan" and "shall control and manage the operation and administration of the Plan and make all decisions and determinations incident thereto." <u>See</u> Declaration of Kristen E. Strobel ("Strobel Decl."), Ex. A., at 33.[13]

This is more than enough.

---

[13]   The Plaintiff did not attach the summary plan description to the Complaint. Rather, the Defendants attached it to their motion to dismiss. The Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp.</u> v. <u>White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). That is the case here. The Plaintiff's claims are "based on" the terms of the plan. <u>See</u> Complaint ¶ 36. And no one "[]dispute[s]" the summary's authenticity or argues it cannot be considered. <u>See</u>, <u>e.g.</u>, Opposition Brief at 5, 7 (relying on the summary plan description).

11

Under ERISA, an entity is a fiduciary if it "exercises any
discretionary authority or discretionary control respecting
management of such plan or exercises any authority or control
respecting . . . disposition of its assets . . . or . . . has
any discretionary authority or discretionary responsibility in
the administration of such plan."  29 U.S.C. § 1002 (21)(A); see
also Santomenno ex rel. John Hancock Tr. v. John Hancock Life
Ins. Co. (U.S.A), 768 F.3d 284, 291 (3d Cir. 2014) (setting out
this standard); Bd. of Trustees of Bricklayers & Allied
Craftsmen Loc. 6 of New Jersey Welfare Fund v. Wettlin Assocs.,
Inc., 237 F.3d 270, 272 (3d Cir. 2001) (emphasizing that an
entity is a fiduciary if it "exercises any authority or control
respecting management or disposition of its assets") (cleaned
up); Perez v. Koresko, 86 F. Supp. 3d 293, 380 (E.D. Pa. 2015)
(entity was fiduciary because it had authority or control over
disposition of plan assets).

That is what the Complaint alleges, and what the summary plan
document shows.

### E.    The Employer

Finally, Count One names the Employer, the company that
sponsored the plan.[14]

The Defendants argue that Count One does not sufficiently allege
that the Employer is a fiduciary, and so Count One cannot go
forward against the Employer.

As noted, one of the elements of a fiduciary duty claim is that
the defendant is a fiduciary.  See generally Part III.B.  A plan
sponsor is not a fiduciary just because it sponsors a plan.
See, e.g., Malia v. Gen. Elec. Co., 23 F.3d 828, 833 (3d Cir.
1994); Fonti v. Health Pros. & Allied Emps., 2017 WL 1197759, at
*8 (D.N.J. Mar. 31, 2017).  And the relevant section of ERISA
generally "does not authorize suit against nonfiduciaries
charged solely with participating in a fiduciary breach."
Renfro v. Unisys Corp., 671 F.3d 314, 325 (3d Cir. 2011)
(cleaned up).

Here, there are no allegations that the Employer exercised
control over the Plan, or that it administered the Plan.
Additionally, the summary plan description lists the Employer as

---

[14]   See footnote 6.

the Plan sponsor --- but not as an administrator or fiduciary.
<u>See</u> Strobel Decl., Ex. A at 36.

On these allegations, the Employer is not a fiduciary.  <u>See</u>,
e.g., <u>Fonti</u>, 2017 WL 1197759, at *8 (holding that allegations
that the plan sponsor designed the plan is not enough to
plausibly show it was a fiduciary); <u>Trustees of Health & Welfare
& Pension Funds of Four Joint Boards</u> v. <u>Schlesinger Bros.</u>, 931
F. Supp. 204, 207-08 (S.D.N.Y. 1996) (holding that a sponsoring
company is not a fiduciary).[15]

*      *      *

A quick summary of where things stand.

To argue the Plaintiff fails to state a claim, the Defendants
press two arguments.

First, they contend the Plaintiff has not adequately pled a
breach of fiduciary duty.  But taking the Plaintiff's
allegations as true, there is enough --- based on the loss of
the 401(k), and the use of a "false" document to obscure record-
keeping errors.  <u>See</u> Part III.A.

Second, the Defendants contend there are insufficient
allegations as to the four named Defendants.  This makes sense
as to: the Agent (because there are no meaningful allegations as
to her conduct), <u>see</u> Part III.B; the Plan (because the Plan
itself may not be sued for a fiduciary breach), <u>see</u> Part III.C;
and the Employer (because the Plaintiff has not adequately pled
that the Employer is a fiduciary), <u>see</u> Part III.E.  But this
argument fails as to the Committee, because there are ample
allegations it was a fiduciary.  <u>See</u> Part III.D.

---

[15]  Note that the Complaint asserts in purely conclusory fashion
that the Employer was a fiduciary.  <u>See</u> Complaint ¶ 17.  But
this is a legal conclusion couched as a factual assertion.  It
must therefore be put aside.  <u>See</u> <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S.
662, 678 (2009); <u>see also</u> <u>Drucker Cornell</u> v. <u>Assicurazioni
Generali S.p.A. Consol.</u>, 2000 WL 284222, at *2 (S.D.N.Y. Mar.
16, 2000) ("legal conclusions done up as factual allegations are
not facts and cannot substitute for facts").

13

## IV.  Count Two: The Merits

### A.  Failure to State a Claim

The Defendants also move to dismiss Count Two[16] of the Complaint.

"A plaintiff must prove the following elements to prevail [on such a claim]: '(1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan.'" Emami v. Empire Healthchoice Assurance, Inc., 2019 WL 4597521, at *6 (D.N.J. Sept. 20, 2019) (quoting Guerrero v. FJC Sec. Servs. Inc., 423 F. App'x 14, 16 (2d Cir. 2011)).

The Defendants zero in on the third element, arguing the Plaintiff "failed to show an enforceable right to benefits that are actually 'due' under the plan's terms."  Motion to Dismiss at 36.

But this is not persuasive.  The Plaintiff alleges that he was permitted to leave his 401(k) in the Plan when he switched jobs. See Complaint ¶¶ 28-29.  That he did so.  See id. at ¶ 30.  And that when he asked for a pay-out, the 401(k) was gone.  See id. at ¶¶ 34-40.  This is plainly a plausible allegation that he was "wrongfully denied," Emami, 2019 WL 4597521, at *6, what he was owed under the Plan.  See, e.g., Saltzman v. Indep. Blue Cross, 384 F. App'x 107, 111 (3d Cir. 2010) (stating that an action may be brought under the relevant statute to recover benefits due under an ERISA plan, and that benefits qualify as "due when they become vested"); Hooven v. Exxon Mobil Corp., 465 F.3d 566, 574 (3d Cir. 2006) (a claim under the relevant statute must be for benefits that are actually "due," meaning vested).

### B.  Defendants

Next, the Defendants argue that if Count Two goes forward, it should not run against certain defendants --- the Agent, the Plan, or the Employer.  See Motion to Dismiss at 36.

#### 1.  The Agent

As with Count One, Count Two does not contain any meaningful allegations as to the Agent.  See Part III.B.

---

[16]  Count Two is also brought under ERISA, in particular 29 U.S.C. § 1132(a)(1)(B).

### 2.    The Plan

Claims brought under the part of ERISA invoked in Count Two, see footnote 16, can be brought against a plan itself.  See, e.g., Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 363 n.3 (2002); Burstein v. Ret. Acct. Plan For Emps. of Allegheny Health Educ. & Rsch. Found., 334 F.3d 365, 382 (3d Cir. 2003), as amended (Aug. 1, 2003) (noting in dicta that plaintiff could bring suit against the plan); La Fata v. Raytheon Co., 223 F. Supp. 2d 668, 680 (E.D. Pa. 2002) (stating the same, as part of the holding).

And when a plaintiff is denied benefits due under a plan, the plan is generally a proper defendant, because it is the entity that owes the benefits.  See Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558 (3d Cir. 2009) ("[i]n a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself"); Larson v. United Healthcare Ins. Co., 723 F.3d 905, 908 (7th Cir. 2013) ("an ERISA claim to recover benefits due under an employee-benefits plan normally should be brought against the plan" because the plan owes the benefits); Leckey v. Stefano, 501 F.3d 212, 217 (3d Cir. 2007), as amended (Dec. 21, 2007) ("Section 1132(a)(1)(B) allows ERISA plan beneficiaries to sue their plans for benefits owed."); Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 509 (2d Cir. 2002) ("Several times in prior opinions we have indicated that a plan is a proper defendant in an action to recover benefits under § 1132(a)(1)(B).").

Here, the Plaintiff has alleged sufficient facts to state a claim that he was wrongfully denied benefits "due" under the Plan.  See Part IV.A.  The Plaintiff may sue the Plan for those benefits.  See Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007) (so holding); Evans, 311 F. App'x at 558 (same).

### 3.    The Employer

Count Two, as noted above, is brought under § 1132(a)(1)(B) of ERISA.  In such lawsuits, as alluded to just above, the proper defendants are the plan or plan administrators.  See Graden, 496 F.3d at 301 (the proper defendants are "the plan itself (or plan administrators in their official capacities only)"); see also, e.g., Evans, 311 F. App'x at 558 ("[i]n a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan

itself or a person who controls the administration of benefits under the plan"); La Fata, 223 F. Supp. 2d at 680.

But the Employer is not the Plan, and there are no allegations it worked as the Plan administrator.  See Part III.E.  As such, the Employer cannot be sued based on 29 § 1132(a)(1)(B).  See Yoon v. Fordham Univ. Fac. & Admin. Ret. Plan, 263 F.3d 196, 207 (2d Cir. 2001) (claims under the relevant section cannot be brought as an employer and plan sponsor, and "may be brought only against the plan and the plan administrators and trustees .  .  .  in their capacity as such") (cleaned up); Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998) (closely similar); Atl. Neurosurgical Specialists, PA on behalf of Patient DC v. Anthem Blue Cross & Blue Shield, 2021 WL 4148149, at *4 (D.N.J. Sept. 10, 2021) ("courts hold that only the plan itself (or plan administrators in their official capacities only) constitutes a proper defendant in a [29 § 1132](a)(1)(B) action") (cleaned up); Newcomer v. Henkels & McCoy, Inc., 2017 WL 3268155, at *3 (M.D. Pa. Aug. 1, 2017); Brennan v. Cephalon, Inc., 2005 WL 2807195, at *16 n.11 (D.N.J. Oct. 25, 2005) ("[C]laims for ERISA benefits pursuant to § 1132(a)(1)(B) can only be brought against an ERISA plan or plan administrator or a fiduciary of a plan"); La Fata, 223 F. Supp. 2d at 680.

*     *     *

In short, the Defendants press two arguments as to why Count Two should be dismissed.

First, they contend the Plaintiff failed to show an enforceable right under the Plan.  But taking the Plaintiff's allegations as true, he has adequately alleged that his 401(k) was "vested" and paid out.  This is sufficient to state a claim.  See Part IV.A.

Second, the Defendants contend that Count Two cannot go forward against the Agent, the Plan, or the Employer.  This is persuasive as to the Agent (because there are no meaningful allegations as to her), see Part IV.B.1, and the Employer (because it is not the type of entity that may be sued here), see Part IV.B.3.  But it is not persuasive as to the Plan, because the Plan allegedly owes the benefits.  See Part IV.B.2.

## V.   Count Three: Attorneys' Fees

Under ERISA, the prevailing party may be awarded attorneys' fees.  See 29 U.S.C. § 1132(g); Tomasko v. Weinstock, 255 F.

16

App'x 676, 680 (3d Cir. 2007).   The Plaintiff requested such fees, and the Defendants have moved to dismiss the Plaintiff's request.

This motion is not ripe.   It is too early to know who the prevailing party might be.   Therefore, the motion to dismiss is denied.

*      *      *

The Defendants' motion to dismiss is granted in part and denied in part, as set out above.

It is on this 5th day of April, 2024 **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.

17